**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2006[*]
Decided October 23, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2792

| | |
|---|---|
| DAVID J. BODNAR, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois |
| | |
| v. | No. 06-2020 |
| | |
| STATE OF TEXAS, | Michael P. McCuskey, |
| *Defendant-Appellee*. | *Chief Judge*. |

**O R D E R**

David Bodnar filed a complaint against the State of Texas for what he says were constitutional violations arising from a wrongful arrest and prosecution in Bexar County, Texas. Although it is difficult to decipher the exact nature of his allegations, what is clear is that he wishes to sue Texas, the only named defendant, for damages in the Central District of Illinois. But that is not allowed unless Texas consented to suit in the federal courts or Congress validly abrogated Texas's immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984) (explaining that the Eleventh Amendment confers upon States immunity

---

[*]The appellee was not served with process in the district court and is not participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and the record. *See* Fed. R. App. P. 34(a)(2).

from suit in federal courts absent State's consent or Congress's unequivocal intent to abrogate that immunity); *see also Will v. Mich. Dep't of State Police*, 419 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties" unless the State has waived its Eleventh Amendment immunity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (explaining that Congress did not intend for 42 U.S.C. § 1983 to override States' Eleventh Amendment immunity).  Neither exception is present here. Accordingly, the district court was correct that it lacked jurisdiction over this subject matter and properly dismissed the case without prejudice to Bodnar's refiling his claim in the proper jurisdiction.  *See Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997).

AFFIRMED.